IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROOSEVELT HARRIS                                                                PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:18-cv-59-DPJ-FKB

MURPHY OIL USA, INC.                                                           DEFENDANT

**ORDER**

This case is before the Court on three motions filed by the plaintiff, Roosevelt Harris: Plaintiff's Motion to Compel Disclosures and Discovery Responses and for Attorney's Fees [57], Motion to Amend the Complaint [60], and Motion to Amend the Scheduling Order [62]. The Court finds as follows.

Defendant Murphy Oil USA, Inc. ("Murphy Oil") removed this case on January 25, 2018. Harris alleges that on or about September 7, 2014, he slipped and fell at a store owned by Murphy Oil in Vicksburg, Mississippi. [1-1]. He contends that the fall was the result of Murphy Oil's negligence. *Id.*

**I. Harris's Motion to Compel**

On February 28, 2019, the Court held a telephonic discovery conference, pursuant to Section 6.F.4. of the Case Management Order [4], at Harris's request. Harris contended that several of Murphy Oil's April 30, 2018, discovery responses were inadequate. The undersigned authorized Harris to file a motion to compel if the parties were unable to work out the disagreements, and on April 10, 2019, Harris did so. The Court notes, however, that the Motion to Compel [57] included several disputes that had not been discussed at the February 28, 2019, conference.

Harris's Memorandum [58] in support of his Motion to Compel is thirty-three pages long

and the parties have since resolved many of disagreements at issue.[1] For the sake of brevity, the Court will only address those issues that remain unresolved.

   a. **The timeliness of Murphy Oil's discovery responses**

Harris contends that Murphy Oil has waived all objections to his discovery requests because it waited until April 30, 2018, to respond to discovery that was due on April 16, 2018. [58] at 16-18. Generally, discovery objections are waived if they are not timely. *See Godsey v. United States,* 133 F.R.D. 111, 113 (S.D. Miss. 1990). And Murphy Oil's discovery responses and objections were fourteen days late. However, considering the following circumstances, good cause exists to find that Murphy Oil's discovery objections have not been waived.

First, Harris waited almost a year to raise this issue. Harris did not request the discovery conference necessary to file this motion until February 26, 2019, and he did not file the actual motion until April 10, 2019. Second, Harris was far more dilatory in responding to Murphy Oil's discovery than Murphy Oil was his. Murphy Oil propounded interrogatories and requests for production to Harris on April 25, 2018. [7] and [8]. Harris failed to respond by the due date of May 25, 2018. On July 3, 2018, Harris's attorney moved to withdraw, and the Court learned that the plaintiff was incarcerated. [11] and [16]. The Court granted the attorney's withdrawal and set a deadline of October 17, 2018, for Harris to serve his discovery responses. [19]. Despite this nearly four-month extension, Harris still failed to timely respond. In fact, without leave or request for an extension, Harris did not respond to Murphy Oil's discovery requests until February 4, 2019. [39] and [40]. It would be inequitable for the Court to punish Murphy Oil for responses that were fourteen days late under these circumstances. The Court finds that Murphy Oil's objections as contained in its April 30, 2018, discovery responses are not waived.

---

[1] Harris advised the Court in his Rebuttal that a number of the issues have been resolved. [84]. Additionally, the parties have contacted the Court since Harris's rebuttal to advise of additional progress.

### b. Murphy Oil's Fed. Rule Civ P. 26(a)(1)(A)(i) disclosures

Fed. R. Civ. P. 26(a)(1)(A)(i) requires that a party disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . ."

Murphy Oil made the following Rule 26(a)(1)(A)(i) disclosures to Harris on March 27, 2018:

> The individuals of which Murphy is presently aware who are likely to have discoverable information that Murphy may use to support its claims or defenses herein (unless solely for impeachment), together with the subjects of that information, are as follows:
>
> 1. Any current or former Murphy employees who may have information regarding the circumstances of the alleged accident at issue in this matter.
> 2. Any and all health care providers required to dispute causation and/or the extent and/or duration of Plaintiff's alleged personal injuries, including any medical providers that may conduct an independent medical examination of Plaintiff.
> 3. Any and all experts retained by Defendant.
> 4. All persons identified in Plaintiff's Initial Disclosures.
> 5. Any and all eyewitnesses that may be identified in discovery.
> 6. Any and all witnesses necessary to respond to any and all claims and allegations asserted by Plaintiff in this litigation.

[58] at 4.

Murphy Oil's disclosures are insufficient and do not meet the requirements of Fed. R. Civ. P. 26(a)(1)(A)(i). The disclosures do not list any individual's name, nor do they meaningfully describe the subjects of any individual's discoverable information.

According to Harris, Murphy Oil has supplemented its initial disclosures, and the parties have resolved the disagreements, except for the healthcare providers described in Category 2. Accordingly, the Court sets a deadline of July 3, 2019, for Murphy Oil to supplement Category 2 of its initial disclosures to provide the information required by Fed. R. Civ. P. 26(a)(1)(A)(i).

### c. Murphy Oil's Fed. Rule Civ. P. 26(a)(1)(A)(iv) disclosures and responses to Interrogatory No. 6 and Request for Production of Documents No. 3

Fed. Rule Civ. P. 26(a)(1)(A)(iv) requires that a party provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Harris's Interrogatory No. 6. and Request for Production No. 3 likewise request a copy of any insurance agreement whereby an insurer "may be liable to satisfy part or all of a judgment which may be entered in this action. . . ." [58-3] at 2-3, 8-9.

Murphy Oil has confirmed it has an insurance policy that would provide coverage for Harris's alleged fall. However, that policy has a deductible of $2,000,000. [81] at 4. While Murphy Oil has provided Harris with a copy of the policy declarations page, it has not provided a copy of the policy itself. Murphy Oil contends that because the deductible is higher than Harris's best-case recovery, there are no circumstances under which the insurance policy will be used to satisfy a judgment. According to Murphy Oil, Harris has disclosed less than $80,000 in economic damages. *Id.* Harris neither disputes nor even addresses this figure in his rebuttal, and so the Court accepts it as true. [84].

Mississippi law limits non-economic recovery to $1,000,000. Miss. Code Ann. § 11-1-60(2)(b). The information before the Court supports Murphy Oil's contention that the maximum recovery Harris could receive at trial is well below the applicable policy deductible, meaning that the insurer will not be liable to satisfy a potential judgment. Accordingly, the Court denies Harris's Motion to Compel as applied to Murphy Oil's Rule 26(a)(1)(A)(iv) disclosures regarding insurance and responses to Interrogatory No. 6 and Request for Production No. 3.

### d. Murphy Oil's Responses to Interrogatory Nos. 1, 2, and 7

Harris originally requested that the Court compel Murphy Oil to provide more complete

responses to Interrogatory Nos. 1, 2, 7, 8, 11, and 12. However, Harris has advised the Court that Murphy Oil has satisfactorily supplemented its responses to Interrogatory Nos. 8, 11, and 12. The Court addresses the remaining three interrogatories.

> **INTERROGATORY NO. 1**: Please state the full name, address, and occupation/job title of the person completing this discovery for the Defendant.
>
> RESPONSE: Murphy Oil objects to this request on the ground that it violates the attorney-client privilege and work-product doctrine.

Murphy Oil's objection is without merit; Harris is entitled to know who provided the sworn responses on behalf of the defendant. Murphy Oil's interrogatories are signed by its attorney but accompanied by a verification page signed by Kim Roller. According to Murphy Oil, it has since supplemented its interrogatory response to state that Kim Roller completed the discovery responses at issue, though that supplementation did not include her job title. [81] at 5 and fn. 8. In correspondence with the Court and opposing counsel since the motion's briefing, Murphy Oil has stated that Roller is "Risk Management for Murphy." Although it appears that Harris now has the information he requested in Interrogatory No. 1, it is not clear that he has it in the format required by Fed. R. Civ. P. 33(b). Accordingly, the Court sets a deadline of July 3, 2019, for Murphy Oil to fully respond to Interrogatory No. 1 in the manner required by Fed. R. Civ. P. 33(b).

> **INTERROGATORY NO. 2**: State the name, address and telephone number of the owner of the store in question.
>
> RESPONSE: Murphy Oil owns the store.

The Court finds that Murphy Oil's answer is sufficient. Should Harris wish to contact Murphy Oil, he may do so through its attorney.

> **INTERROGATORY NO. 7**: Describe in your own words how the incident occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

RESPONSE: Murphy Oil objects to this interrogatory on the ground that it violates the attorney-client privilege and work product doctrine. Murphy Oil also objects to the interrogatory on the ground that it is compound.

Interrogatory No. 7 is what is commonly referred to as a "contention interrogatory." Fed. R. Civ. P. 33 directly addresses these types of discovery requests. It states as follows:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2). *See also Trident Mgmt. Grp., LLC v. GLF Constr. Corp.,* No. CV 16-17277, 2017 WL 3011144, at *3 (E.D. La. July 14, 2017). While contention interrogatories are not objectionable per se, Interrogatory No. 7, as written, is impermissibly compound.

In the interest of judicial economy, the Court will not require Harris to rewrite and re-propound Interrogatory No. 7. Instead, the Court finds that in response to Interrogatory No. 7, Murphy Oil should generally explain its position on whether the alleged fall occurred, and, if undisputed that a fall occurred, how Murphy Oil contends it happened. Additionally, if Murphy Oil contends that there was some contributing cause to Harris's alleged fall, it should generally explain that contention and its supporting factual basis. The Court sets a deadline of July 3, 2019, for Murphy Oil to provide the above-described response.

 e. **Murphy Oil's responses to Request for Production Nos. 4 and 9**

Harris also raises Murphy Oil's responses to two requests for production of documents. Both requests essentially seek the same thing, any statements given by Murphy Oil employees who witnessed the accident. The requests and responses at issue are as follows:

> **REQUEST NO. 4**: Copies of any and all statements previously made by Defendant concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Defendant hereto and any stenographic, mechanical, electrical or other type of recording or any transcription

> thereof made by Defendant hereto and contemporaneously recorded.
>
> RESPONSE NO. 4: Murphy Oil objects to this request on the grounds of the work-product doctrine and the attorney-client privilege.
>
> and
>
> **REQUEST NO. 9**: Copies of any witness statements that are relevant to the incident in question that are not privileged by law.
>
> RESPONSE NO. 9: Murphy Oil has no materials responsive to this request; the only statements it has are protected by the work-product doctrine and/or the attorney-client privilege.

[58] at 26. Following the incident in question, Murphy Oil's insurer took statements from two at-the-time Murphy Oil employees who were present when Harris's alleged fall took place.

Harris does not challenge Murphy Oil's claim that the documents are protected work product. [58] at 26-27. Instead it argues that Murphy Oil has waived the privilege by not producing a privilege log, citing L.U.Civ.R. 26(e). Murphy Oil has since produced a privilege log. It describes the documents as "witness statements to insurance adjuster" and lists the two employees' names. The privilege log makes clear that the documents are being withheld as work product. The privilege log comports with the requirements of L.U.Civ.R. 26(e), and the Court finds that Murphy Oil has not waived the work product protection as applied to these documents.

Harris alternatively contends that the Court should order Murphy Oil to produce the witness statements pursuant to Fed. R. Civ. P. 26(b)(3)(A)(ii). Harris argues that he has a "substantial need and would experience an undue hardship should the statements fail to be produced by the Defendant." [58] at 27. When Harris filed the motion, he had been unable to contact the witnesses in question as Murphy Oil had not yet provided their names. However, Murphy Oil has since identified the witnesses and provided Harris with an address and phone number for each. Accordingly, the Court denies this portion of Harris's motion.

### f. Harris's request for sanctions

Harris requests that the Court order Murphy Oil to pay attorneys' fees and costs associated with this motion. The Court finds that the circumstances of this discovery dispute, however, would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court did not sanction Harris for his failure to timely respond to Murphy Oil's discovery requests. Additionally, Harris's Motion to Compel raises a number of issues that he failed to raise at the February 28, 2019, discovery conference. Had Harris brought those issues to the Court's attention then, it may have obviated the need to file all, or substantial portions, of the Motion to Compel. Accordingly, the Court declines to award any attorneys' fees or expenses associated with this motion.

## II. Harris's Motion for Leave to File an Amended Complaint [60] and Motion to Amend the Scheduling Order [62]

On April 11, 2019, Harris moved for Leave to File an Amended Complaint [60]. On April 12, 2019, he filed a Motion to Amend the Scheduling Order [62]. The deadline for the parties to file amended pleadings was April 16, 2018. [4].[2] One of the scheduling deadlines Harris seeks to amend, the date by which to designate experts, has also already passed.

> Although Federal Rule of Civil Procedure 15(a) normally governs the amendment of pleadings, Rule 16(b) "governs the amendment of pleadings after a scheduling order's deadline to amend has expired." Rule 16(b)(4) provides that after a district court has entered a scheduling order, the "schedule may be modified only for good cause and with the judge's consent." To establish good cause, the party seeking to modify the scheduling order must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." We consider four factors when determining whether the party has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice."

---

[2] The Court reset many case management deadlines in its Order of August 17, 2018, [19], as the result of plaintiff's counsel being allowed to withdraw. The Court did not, however, reset the deadline to file amended pleadings. When the April 16, 2018, deadline for the parties to file amended pleadings passed, Plaintiff was still represented by counsel. It was not until nearly three months later, on July 3, 2018, that his attorney moved to withdraw. [11].

8

*Grant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015)(internal citations omitted)(alternations in original). Because Harris's motion seeks to amend deadlines already expired, the Court must consider these four factors.

While this case was removed in January 2018, it only began proceeding in earnest in January 2019. For a significant portion of 2018, Harris had difficulty prosecuting his case either because his attorney was in the process of withdrawing or because he was proceeding *pro se*. Since he acquired his current counsel in January 2019, however, the uptick in the pace of litigation has been obvious. Harris has propounded a significant amount of discovery, has engaged in substantial motion practice, and has otherwise vigorously litigated this matter. Harris's reasons for waiting until April 2019 to amend his complaint and ask for new scheduling deadlines are understandable and readily gleaned from review of the docket. The Court is convinced that his attorneys are acting in good faith and attempting to move a previously-stalled case toward resolution. This factor weighs in favor of permitting the amended complaint and scheduling order.

So too does the second factor. The proposed amended complaint – only four-and-a-half pages – includes significantly more detail about the alleged slip and fall than did the original one-page version. *Compare* [61-1] *with* [1-1]. The additional detail will better allow the defendant to prepare its defense and the Court to determine the relevancy of evidence. As to the scheduling order, one of the main deadlines at issue pertains to the designation of experts. The deadline for Harris to designate experts was February 19, 2019. Harris missed that deadline. Should the Court not set new deadlines, he would be left without any experts at all in a case alleging that he suffered substantial injury. On April 22, 2019, Harris filed out-of-time expert designations. [77]. Those designations demonstrate that he hopes to designate at least three doctors, a physical therapist, and a chiropractor. *Id.* Without experts, it will be virtually impossible for Harris to prove medical

damages at trial. The proposed amendments to both the complaint and the scheduling order are important. Accordingly, this factor also weighs in Harris's favor.

As to the third and fourth factors, the primary threat of prejudice to Murphy Oil would be another delay in the trial. However, Murphy Oil has not identified any specific prejudice that an additional few months' delay would cause. The second threat of prejudice Murphy Oil raises is an increase in the scope of discovery as a result of the amended complaint. However, the amended complaint adds no new parties and describes no new incidents. Instead, it merely gives additional details regarding the alleged slip and fall already at issue.[3] If the amended complaint increases the scope of discovery, it does so only minimally or on issues already present in the case. Considering this, the Court finds that granting these two motions would cause little, if any, prejudice to Murphy Oil, and that any such prejudice could be cured by a continuance. A continuance is available. Factors three and four weigh in favor of granting Harris's motions.

Accordingly, Harris is granted leave to file his amended complaint. The Court sets a deadline of June 19, 2019, for him to do so.

Harris requests a scheduling conference to set new deadlines. However, the Court already has the information it needs to set appropriate deadlines, which are as follows:

1. This action is set for a jury trial during a two-week term of court beginning on May 4, 2020, at 9:00 a.m. before Chief District Judge Daniel P. Jordan, III, at the Thad Cochran United States Courthouse in Jackson, Mississippi;
2. The pretrial conference is set for April 10, 2020, at 9:00 a.m. before Chief District Judge Daniel P. Jordan, III, at the Thad Cochran United States Courthouse in Jackson, Mississippi;
3. All discovery must be completed by November 20, 2019;

---

[3] To the extent Defendant contends portions of the proposed amended complaint are futile, it may raise those issues in later dispositive motions.

4. The parties' experts must be designated by the following dates:
   a. Plaintiff:      August 20, 2019;
   b. Defendant:   September 20, 2019;
5. All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by December 4, 2019. The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference;
6. The Court sets a settlement for November 25, 2019, at 1:30 PM before United States Magistrate Judge F. Keith Ball in Chambers 5.150 at the Thad Cochran United States Courthouse in Jackson, Mississippi. Seven (7) days before the settlement conference, the parties must submit via e-mail to ball_chambers@mssd.uscourts.gov an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

Should any party have any conflict with these deadlines, they should contact the Court as soon as possible.

**Conclusion**

For the foregoing reasons, Harris's Motion to Compel [57] is granted in part and denied in part. His Motions for Leave to File an Amended Complaint [60] and to Amend the Scheduling Order [62] are granted.

SO ORDERED, this the 11th day of June, 2019.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE